## Berger v. City of Williamsport (No. 2)

*Allen E. Ertel,* for plaintiff.
*Jered L. Hock,* for defendant City of Williamsport.

BROWN, *J.,* May 18, 1992—This matter is before the court on the motion of defendant city of Williamsport for judgment on the pleadings or, in the alternative, summary judgment. Defendant asserts governmental immunity as an affirmative defense under 42 Pa.C.S. §8541 et seq. A defendant's motion for judgment on the pleadings is appropriate where, under the facts alleged in the complaint, the action is barred as a matter of law. Where the allegations in the complaint bring the action within one of the exceptions to the governmental immunity of local agencies so as to state an actionable claim on the face of the pleadings, the motion for judgment on the pleadings must be denied. See 3 Goodrich-Amram §1034(a):14. The determination as to whether or not the motion for judgment on the pleadings may be granted is therefore whether or not defendant is liable under an exception listed under section 8542(b).

The proper standard for granting or denying a motion on the pleadings is stated in *Capuzzi v. Heller,* 125

Pa. Commw. 678, 683, 558 A.2d 596, 598 (1989), *appeal denied,* 523 Pa. 650, 567 A.2d 653 (1989), where the court held:

"In passing upon a motion for judgment on the pleadings, the court may consider only the pleadings themselves and any documents properly attached thereto. *Farber v. Engle,* 106 Pa. Commw. 173, 525 A.2d 864 (1987). Judgment on the pleadings should not be entered unless there are no material facts in dispute. *Pennsylvania Association of State Mental Hospital Physicians Inc. v. State Employees' Retirement Board,* 484 Pa. 313, 399 A.2d 93 (1979), and, after accepting all of the opposing party's well pleaded facts as true, the case is free from doubt and trial would be a fruitless exercise." *Blumer v. Dorfman,* 447 Pa. 131, 289 A.2d 463 (1972).

Defendant claims governmental immunity under 42 Pa.C.S. §8541, and plaintiff asserts an exception to governmental immunity under 42 Pa.C.S. §8542(b)(1) and the fact that defendant has established a "special relationship" to decedent by taking him into custody for public intoxication and sending him home in a taxicab instead of placing him in police custody. After entering the cab at his own expense, decedent became abusive, the cab driver pulled over on the side of the highway, and decedent exited the vehicle. Decedent was subsequently struck by an automobile while kneeling on the side of the highway.

Analysis of this case must begin with 42 Pa.C.S. §8541, governmental immunity:

"Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person."

Exceptions to governmental liability are expressed in section 8542:

"(a) *Liability imposed*—A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):

"(1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and

"(2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, 'negligent acts' shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

"(b) *Acts which may impose liability*—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

"(1) *Vehicle liability*—The operation of any motor vehicle in the possession or control of the local agency. As used in this paragraph, 'motor vehicle' means any vehicle which is self-propelled and any attachment thereto, including vehicles operated by rail, through water or in the air."

Although there are a total of eight exceptions, section 8542(b)(1) is the only exception remotely related to plaintiff's cause of action (the others are: control of personal property; real property; trees; traffic control

and street lighting; utility service facilities; streets; sidewalks; and care, custody and control of animals).

As noted in section 8542(a) above, threshold issues of a cause of action at common law and a causal relationship to a negligent act of a local agency or employee thereof are required. Plaintiff has not met the threshold requirements of section 8542(a)(1) in that placing an intoxicated person in a taxicab and refusing to allow him or her to drive an automobile in an intoxicated state is not an actionable offense at common law or by statute. Preventing intoxicated persons from driving is actually a desired behavior encouraged by responsible persons to enhance public safety. Plaintiff also fails to overcome the threshold of section 8542(a)(2), in that defendant was not negligent in sending decedent in a taxicab to prevent him from driving himself home while intoxicated.

As to defendant's liability under 42 Pa.C.S. §8542(b)(1), it is well settled that the exceptions to governmental immunity are to be narrowly construed and that "the legislature has clearly precluded the imposition of liability on itself or its local agencies for acts of third parties by its language of §8541, *supra,* and that it has not seen fit to waive immunity for these actors or their acts in any of the eight exceptions." *Mascaro v. Youth Study Center,* 514 Pa. 351, 363, 523 A.2d 1118, 1124 (1987). See also, *Mindala v. American Motors Corp.,* 518 Pa. 350, 543 A.2d 520 (1988); *Prescott v. Phila. Housing Authority,* 124 Pa. Commw. 124, 555 A.2d 305 (1989); *City of Philadelphia v. Kluska,* 134 Pa. Commw. 511, 579 A.2d 1006 (1990) and *Walsh v. City of Philadelphia,* 526 Pa. 227, 585 A.2d 445 (1991).

The narrow interpretation of the application of section 8542(b)(1) has been applied to motor vehicles to mean

that the exception to governmental immunity only applies if an employee of the governmental entity was actually operating the vehicle. See *Capuzzi v. Heller, supra* (theory of negligent entrustment of duty to transport held insufficient to establish governmental liability under 42 Pa.C.S. §8542(b)(1)); *Burnatoski v. Butler Ambulance Service Co.,* 130 Pa. Commw. 264, 567 A.2d 1121 (1989); and *Vogel v. Langer,* 131 Pa. Commw. 236, 569 A.2d 1047 (1990).

Plaintiff has also failed to prove that the taxi company is an employee of defendant, or that an agency relationship existed. See *Burnatoski, supra* at 269, 567 A.2d at 1124. Therefore, plaintiff has failed to state as a matter of law that defendant may be held liable under 42 Pa.C.S. §8542(b)(1).

Plaintiff next alleges liability of city of Williamsport under a theory of "special relationship." Although it is generally acknowledged that there is no duty incumbent upon a municipality to provide police protection to any particular person, an exception to the general rule is the establishment of a "special relationship." This exception exists when an individual is exposed to a special danger and the authorities have undertaken the responsibility to provide adequate protection for that individual. *Casey v. Geiger,* 346 Pa. Super. 279, 499 A.2d 606 (1985); *Melendez by Melendez v. City of Philadelphia,* 320 Pa. Super. 59, 62, 466 A.2d 1060, 1063 (1983). Further, *Melendez, supra,* at 65, 466 A.2d at 1064, holds that "the individual claiming a 'special relationship' must demonstrate that the police were: (1) aware of the individual's particular situation or unique status, (2) had knowledge of the potential for the particular harm which the individual suffered, and (3) voluntarily assumed, in light of that knowledge to protect the individual from the precise harm that was occasioned." See also, *Morris v. Musser,* 84 Pa. Commw. 170, 478 A.2d 937 (1984); *Steiner v. City*

*of Pittsburgh,* 97 Pa. Commw. 440, 509 A.2d 1368 (1986); *Socarras v. City of Philadelphia,* 123 Pa. Commw. 197, 552 A.2d 1171 (1989); and *Thomas v. City of Philadelphia,* 133 Pa. Commw. 121, 574 A.2d 1205 (1990).

The case of *Thomas v. City of Philadelphia, supra,* at 125, 574 A.2d at 1207, holds that there is no distinction between nonfeasance, malfeasance, and misfeasance with regard to the "special relationship" standard.

Applying the law to the facts of this case as ascertained from the pleadings, plaintiff has failed to establish, as a matter of law, a cause of action against defendant city of Williamsport. Through its police officers, defendant apprehended decedent while he was publicly intoxicated and sent him home by taxicab rather than incarcerating him. By preventing decedent from operating a motor vehicle, and by apprehending decedent, plaintiff claims that defendant city of Williamsport, through the agency of its police officers, undertook to protect decedent from a precise harm. However, decedent's abusive behavior in the taxicab and the driver's reaction did not occur while decedent was in the custody or control of defendant. Further, the police officers did not envision the precise harm in this case, namely a car striking decedent while he was kneeling on the highway. The danger they sought to prevent—to decedent as well as to others—was the danger of an intoxicated individual operating a motor vehicle. By placing decedent in a taxicab, the police officers acted to protect decedent from harm, and cannot be held liable for an unforeseen occurrence that was the result of decedent's deliberate action contrary to the intent of the police officers.

We also note that 42 Pa.C.S. §8542 is to be narrowly construed (see *Mascaro, supra; Mindala, supra; Casey, supra; Prescott, supra; City of Philadelphia v. Kluska, supra;* and *Walsh, supra)* and that this is in accordance with legislative intent which controls statutory inter-

pretation (see 1 Pa.C.S. §1924). Therefore, the "special relationship" requirement for municipal liability is a consideration to be taken into account when ascertaining whether the threshold requirement of section 8542(a)(1), common law liability, has been met, and is not a separate exception to the enumerated exceptions to governmental immunity set out in section 8542(b). As we have already noted, plaintiff has not met the threshold requirements of section 8542(a) and (b).[*]

Accordingly, the following is entered.

### ORDER

And now, May 18, 1992, defendant's motion for judgment on the pleadings and summary judgment is hereby granted. Judgment is entered in favor of the defendant, city of Williamsport, and against plaintiff.

---

[*] By letter of March 25, 1992, the court asked the parties for arguments by responsive letter as to whether the concept of "special relationship" could create liability of a municipality even if no exception to the governmental immunity statute applied. The city of Williamsport, by letter of April 2, 1992, made responsive argument. Plaintiff has not submitted a response.