613 A.2d 174

John E. VERNA, an Incompetent, By his father and guardian,
George J. VERNA, and John E. Verna, in his own right, and
Joyce Verna, parent of John E. Verna, Appellants,

v.

COMMONWEALTH of Pennsylvania and Delaware County, a/k/a
County of Delaware and Marple Township a/k/a Township of
Marple, and Mary Lawrence and Ernest Lawrence, and Fidel-
cor Services, c/o Lawrence Associates and Simpson Marine
Safety Equipment, Inc. and Simpson Safety Equipment, Inc.,
and E.J. Simpson, and Cycle City II, Inc. and Stuart Goldis, and
Gary Goldis, d/b/a Cycle City and Commonwealth of Pennsylva-
nia, Department of Transportation, Motorcycle Stuff, Inc., and
Motorcycle Stuff South, Appellees.

Commonwealth Court of Pennsylvania.

Argued March 2, 1992.

Decided July 29, 1992.

Petition For Allowance of Appeal Denied Feb. 10, 1993.

450

R.J. Kauffman, for appellants.

Paola F. Tripodi, for appellees.

Before DOYLE, and FRIEDMAN, JJ., and LEDERER, Senior Judge.

FRIEDMAN, Judge.

This is an appeal from an order of the Court of Common Pleas of Delaware County granting Delaware County's motion for summary judgment. We affirm.

John E. Verna was injured in a collision between his motorcycle and an automobile in August 1985. The collision oc-

curred at the intersection of Route 320, also known as Sproul Road, and Paxon Hollow Road in Marple Township, Delaware County. Both roads are state designated highways. The injuries sustained by John Verna in this accident have rendered him incompetent and this suit was brought for him by his father and guardian, George J. Verna, by John E. Verna in his own right and by Joyce Verna, his mother.

On December 7, 1987, a complaint was filed naming the County of Delaware, *inter alia,* as a defendant and alleging liability on the part of the county for its design, construction and maintenance of Route 320 and Paxon Hollow Road and for its failure to take actions which might have prevented or lessened the accident. The county filed preliminary objections and counts X and XI were ordered stricken. On May 10, 1991, the county filed a motion for summary judgment which the trial court granted. This appeal followed.

Verna argues that summary judgment is not proper because a genuine issue of material fact exists as to whether County Liquid Fuels Tax funds were utilized on the roadways where the accident occurred. The factual issue of whether County Liquid Fuels Tax Fund monies were expended on Route 320 and Paxon Hollow Road is material only if, as a matter of law, such expenditures would bring the highways within the control and jurisdiction of the county and one of the exceptions to governmental immunity would then apply so as to make the county liable for Verna's injuries.

The county argues that the Pennsylvania Legislature has granted it immunity in most actions for injuries to persons, that none of the exceptions to immunity apply in this case, and that the Liquid Fuels Tax Act does not confer jurisdiction or control over the roadways or traffic control devices which might give rise to one of the exceptions to governmental immunity.

Our scope of review of a trial court grant of summary judgment is limited to a determination of whether the trial court committed an error of law or an abuse of discretion. *Bowles v. SEPTA,* 135 Pa.Commonwealth Ct. 534, 581 A.2d

700 (1990). Summary judgment is appropriate when the moving party has established that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Pa.R.C.P. No. 1035(b). In making this determination, all well-pleaded facts, but not conclusions of law, in the non-moving party's pleadings must be accepted as true. *Prescott v. Philadelphia Housing Authority*, 124 Pa.Commonwealth Ct. 124, 555 A.2d 305 (1989).

We must determine whether the trial court committed an error of law or an abuse of discretion in granting the motion for summary judgment. The trial court concluded that:

> Delaware County's receipt and distribution of funds under the Liquid Fuels Tax Act cannot in any manner constitute a basis for finding the County legally responsible for the accident which gave rise to this litigation.

Trial ct. op. at 7.

The issue in this case is whether the county has any duty to users of the state highways under common law or the Liquid Fuels Tax Act and whether breach of such a duty would render the county liable in tort for injuries sustained by Verna under the exceptions to governmental immunity found in Section 8542 of the Judicial Code, 42 Pa.C.S. § 8542. For Verna to succeed in his challenge to summary judgment, both a duty and an applicable exception to governmental immunity must exist and there must be a genuine issue of material fact so that the trial court is precluded from rendering a judgment as a matter of law.

Pursuant to 42 Pa.C.S. § 8541 of the Judicial Code, immunity is the rule for political subdivisions.[1] The legislature has also determined that in certain limited situations, the rule of immunity should be waived and that specific exceptions to governmental immunity should apply.[2] For the County of

---

1. 42 Pa.C.S. § 8541 provides:
   Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.

2. 42 Pa.C.S. § 8542 provides in pertinent part:

Delaware to be liable, one of the exceptions to immunity would have to apply and damages would have to be recoverable under common law or a statute creating a cause of action. The only applicable exceptions in the case *sub judice* are those dealing with streets and with trees, traffic controls and street lighting. For either exception to apply there must have been a dangerous condition which created a reasonably foreseeable risk of the kind of injury which occurred and the local agency must have had notice of the dangerous condition. The county can only be liable for a dangerous condition of streets if it owns the streets or if it has a written contract with the Commonwealth agency which owns the streets to maintain and

(a) Liability imposed.—A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):

(1) The damages would be recoverable under common law or a statute creating a cause of action ...

(2) The injury was caused by the negligent acts of the local agency ... with respect to one of the categories listed in subsection (b)....

(b) Acts which may impose liability.—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

(4) Trees, traffic controls and street lighting.—A dangerous condition of trees, traffic signs, lights or other traffic controls, street lights or street lighting systems under the care, custody or control of the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

(6) Streets.—

(i) A dangerous condition of streets owned by the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

(ii) A dangerous condition of streets owned or under the jurisdiction of Commonwealth agencies, if all of the following conditions are met:

repair the streets. The county can only be liable for a dangerous condition of trees, traffic signs, lights or traffic controls if those items are under its care, custody or control.

The Liquid Fuels Tax Act, Act of May 21, 1931, P.L. 149, *as amended*, 72 P.S. §§ 2611a–2611z, provides for the imposition of a tax on liquid fuels [3] and for the deposit of a portion of the taxes collected into the state Liquid Fuels Tax Fund and for the distribution of those monies to counties for deposit in special funds designated as the "County Liquid Fuels Tax Fund." County Liquid Fuels Tax Fund expenditures are authorized for the

> construction, reconstruction, maintenance and repair of roads, highways and bridges, ... and for the acquisition, maintenance, repair and operation of traffic signs and signals, and for the erection and maintenance of stop and go signal lights, blinkers and other like traffic control devices.

Section 10 of the Liquid Fuels Tax Act, 72 P.S. § 2611. Prior to expenditures by the county for new construction, the state Department of Transportation must approve the plans and no funds can be allocated to political subdivisions within the county without Department of Transportation approval. *Id.*

According to Verna, if liquid fuels tax funds funnelled through Delaware County were expended in some undefined manner on Route 320 or on Paxon Hollow Road or on traffic control devices, the roads and traffic control devices would come within the care, custody and control of the county and exception (b)(4) would be applicable. This argument ignores the fact that exception (b)(4) does not apply to streets and that exception (b)(6), which does apply to streets, would impose liability on the county for dangerous condition of streets only if the streets were owned by the county or if the county had a written contract to maintain and repair streets

> (A) The local agency has entered into a written contract with a Commonwealth agency for the maintenance and repair by the local agency of such streets. ...

3. Section 4 of the Liquid Fuels Tax Act, 72 P.S. § 2611d.

owned or under the jurisdiction of Commonwealth agencies. Verna does not claim that the county owned the streets where the accident occurred or that the county had a written contract with a Commonwealth agency for the repair and maintenance of those streets. We have previously concluded that "the Commonwealth has exclusive jurisdiction over the control and maintenance of state highways." *Powell v. Wrightstown Township,* 76 Pa.Commonwealth Ct. 521, 524, 464 A.2d 651, 653 (1983). Since there is no claim of a written contract for repair and maintenance of Route 320 and Paxon Hollow Road, the streets exception to governmental immunity does not apply and Delaware County cannot be held liable for dangerous conditions of Route 320 and Paxon Hollow Road.[4] The issue is reduced to whether the county could be said to have "care, custody or control" of "trees, traffic signs, lights or other traffic controls, street lights or street lighting systems" so that the county could be liable under exception (b)(4) if a dangerous condition of those items caused the accident.

We have never dealt with whether the County Liquid Fuels Tax Fund creates a duty, breach of which brings a county within the exceptions to governmental immunity and imposes liability for dangerous conditions of streets and traffic control devices which the county does not own and over which it does not otherwise exercise care, custody and control. However, we have dealt with attempts to create a duty and pierce the veil of governmental immunity where one unit of government acts as an escrow agent or funnel for funds from another unit of government and where it has been argued that a statute or ordinance creates a duty of a governmental unit to an injured individual. *See Rousseau v. City of Philadelphia,* 100 Pa.Commonwealth Ct. 173, 514 A.2d 649 (1986), *appeal denied,*

---

4. Although Verna never refers to the streets exception found at 42 Pa.C.S. § 8542(b)(6), Verna does claim that although the county does not own Paxon Hollow and Sproul Roads, it does control them "by virtue of its statutorily created command over the pursestrings of monies utilized for construction, maintenance and repair." Appellants' Brief at 10. We reject any implication that such "control" constitutes ownership, or that the county may be liable for dangerous condition of streets under the (b)(4) exception for dangerous condition of traffic control devices.

515 Pa. 590, 527 A.2d 548 (1987) (city which acted as escrow agent for federal Section 312 loan program funds owed no duty to loan recipient and personal property exception to governmental immunity could not apply because the fund was not in the "possession or control" of the city since the disposition of the fund was subject to loan recipient's approval); *Buffalini v. Shrader*, 112 Pa.Commonwealth Ct. 228, 535 A.2d 684 (1987) (the municipal zoning ordinance, the Outdoor Advertising Control Act of 1971, December 15, 1971, P.L. 596, *as amended*, 36 P.S. §§ 2718.101–2718.115, or the Motor Vehicle Code, 75 Pa.C.S. § 6109(a), did not impose a duty on the municipality or establish "care, custody or control over a traffic control device for purposes of establishing an exception to governmental immunity pursuant to 42 Pa.C.S. § 8542(b)(4)."); *Kline v. Pennsylvania Mines Corp.*, 120 Pa.Commonwealth Ct. 7, 547 A.2d 1276 (1988) (the Department of Environmental Resources regulatory and enforcement powers do not give it "control" of a mine and the real estate exception to sovereign immunity found in Section 8522 of the Judicial Code, 42 Pa.C.S. § 8522, does not apply); *Prescott v. Philadelphia Housing Authority*, 124 Pa.Commonwealth Ct. 124, 555 A.2d 305 (1989) (housing authority which administered the federal section 8 housing assistance program and had responsibility for periodic inspection of private housing rented by program participant whose son became ill with lead poisoning did not have "possession" of the property and the real estate exception to immunity did not apply).

Applying these precedents to the case *sub judice*, we conclude that even if funds from the County Liquid Fuels Tax Fund were expended on the streets or traffic control devices in question, the Liquid Fuels Tax Act does not impose a duty on the county to insure the safety of those streets. Nor does the county own the streets or have "care, custody or control" of the traffic control devices. Thus, there is no genuine issue of material fact and the county is entitled to judgment as a matter of law.

Accordingly, we affirm the trial court's grant of Delaware County's motion for summary judgment.

458

## ORDER

AND NOW, this 29th day of July, 1992, the Order of the Court of Common Pleas of Delaware County, dated July 24, 1991, granting the County of Delaware's Motion for Summary Judgment is affirmed.