**CITY OF PITTSBURGH; City of Pittsburgh, Department of Engineering & Construction; City of Pittsburgh, Department of Public Safety; City of Pittsburgh, Department of Public Works**

v.

**ESTATE OF Chris STAHLMAN**

v.

**Linda McCUTCHEON**

**City of Pittsburgh, Appellant.**

Commonwealth Court of Pennsylvania.

Argued May 13, 1996.

Decided June 6, 1996.

---

Virginia Spencer Scott, Assistant City Solicitor, for Appellant, City of Pittsburgh and its departments.

Thomas E. Reilly, for Appellee, Linda McCutcheon.

Before McGINLEY, PELLEGRINI, JJ., and NARICK, Senior Judge.

PELLEGRINI, Judge.

Before us is an interlocutory order certified by the Court of Common Pleas of Allegheny County (trial court) regarding whether a failure to undertake a duty to inspect for building and fire code violations falls within the real property exception to governmental immunity.

Chris Stahlman and Linda McCutcheon were in an apartment Stahlman leased located at 220 Taylor Street, Pittsburgh, Pennsylvania, when the building caught fire. As a result of the fire, Stahlman died and McCutcheon was seriously injured. McCutcheon brought suit against Stahlman's estate [1] and the City of Pittsburgh; City of Pittsburgh, Department of Engineering and Construction; City of Pittsburgh, Department of Public Safety; and City of Pittsburgh, Department of Public Works (collectively, City). McCutcheon's complaint alleges that the City failed to: (1) require the owner of the apartment building to supply the property with an adequate security system, fire detection system, fire alarm system and fire suppression system; (2) require the owner's compliance with City ordinances and other applicable law; and (3) inspect the property. Stahlman's estate, in its answer and new matter to McCutcheon's complaint, pursuant to Rule 2252 of the Pennsylvania Rules of Civil Procedure, joined the City for contribution or indemnity, raising identical allegations as those raised in McCutcheon's complaint.

Prior to Stahlman's answer and new matter to McCutcheon's complaint, the City had filed a motion for judgment on the pleadings, contending that it was immune under the provisions of what is commonly referred to as the "Political Subdivision Tort Claims Act" (Act), 42 Pa.C.S. §§ 8541–8542, because McCutcheon's claim did not fall within any exception to the Act. On October 17, 1995, the trial court, through Judge Patrick McFalls, without opinion, denied the City's motion.

Prior to Judge McFalls' decision, the City filed preliminary objections in the nature of a demurrer, raising the same immunity defense as it had in its judgment on the pleadings to McCutcheon's complaint. After Judge McFalls' decision, the City's prelimi-

---

1. McCutcheon's complaint against Stahlman, which is not at issue in this case, contained allegations that Stahlman (1) failed to warn her of the inherent risks and dangers of entering the building; (2) failed to investigate/inspect/take notice of risks/dangers to which visitors to his apartment would be subject; (3) failed to take all reasonable steps to protect her from personal harm once he became aware of the building fire; and (4) failed to take all reasonable steps to help her escape.

nary objections were heard, this time by Judge Eugene B. Strassburger, III. Though he disagreed with the prior ruling, finding it to be the law of the case, Judge Strassburger denied the City's preliminary objections.[2] However, he stayed all proceedings and certified an immediate appeal to this court. On January 2, 1996, upon consideration of the City's petition for review, we granted the City permission to appeal to this court, limited to the issue of whether the plaintiff's complaint states a cause of action falling within an exception to governmental immunity.

A local agency is generally immune from liability for its negligence except in narrow circumstances where certain preconditions have been met. Section 42 Pa.C.S. § 8542 details the preconditions for the imposition of liability against a local agency. It requires that:

(1) The action is against a "local agency" which includes an employee thereof;

(2) The action arises out of a negligent act or omission of an agency or an employee of any agency acting within the scope of his or her employment; [3]

(3) The damages arise out of the negligent act or failure to act;

(4) The damages would be recoverable at common law or a statute creating a cause of action, e.g., wrongful death;

(5) *The action falls within one of the specific exceptions set forth in the Political Subdivision Tort Claims Act.*

The only issue raised here as to whether the preconditions have been met is whether the City's failure of its duty to inspect falls within one of the exceptions to immunity, specifically the "real property exception." That exception provides:

(b) The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency.

\* \* \* \* \* \*

(3) Real Property—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency.

42 Pa.C.S. § 8542(b)(3).

■ McCutcheon and Stahlman contend that the City of Pittsburgh Code (Code) imposes upon the City the mandatory duty to inspect buildings for safety violations which brings the apartment building under its "control".[4] Not disputing that it has a duty to inspect, the City contends that such duty is not sufficient to rise to the level of "control" or "possession" required to fall within the real property exception under the Act. We agree.

■ By the very words of the exception, liability is imposed on local agencies for their negligence in the care, custody and control of real property in their possession. *Hough v. Commonwealth, Department of Transportation,* 155 Pa.Cmwlth. 162, 624 A.2d 780, *petition for allowance of appeal denied,* 538 Pa.

---

**2.** Our Supreme Court recently affirmed the applicability of what is commonly known as "the law of the case" doctrine, a doctrine under which one judge should ordinarily not overrule the interlocutory decision of another judge of the same court on the same case. *See, Goldey v. Trustees of the University of Pennsylvania,* —— Pa. ——, 675 A.2d 264 (1996).

**3.** Not raised is whether McCutcheon's action falls within the public duty doctrine. *See Thomas v. City of Philadelphia,* 133 Pa.Cmwlth. 121, 574 A.2d 1205 , *petition for allowance of appeal denied,* 527 Pa. 659, 593 A.2d 429 (1990); *see also DeShaney v. Winnebago County Department of Social Services,* 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989).

**4.** Initially, McCutcheon and Stahlman contend that exceptions to immunity should be liberally construed, and that such a liberal construction would bring the City within the coverage of the real property exception to the Act. However, countless opinions of this court and our Supreme Court which hold that, in light of the express legislative intent to insulate political subdivisions from tort liability, the real property exception to immunity is to be strictly construed against the injured plaintiff. *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987); *see also Kiley by Kiley v. City of Philadelphia,* 537 Pa. 502, 645 A.2d 184 (1994); *Benson v. City of Philadelphia,* 146 Pa.Cmwlth. 388, 606 A.2d 550, *petition for allowance of appeal denied,* 532 Pa. 657, 615 A.2d 1313 (1992).

613, 645 A.2d 1316 (1993). "Possession" within the real property exception is total control over the premises, and limited control or mere occupation of the premises for a limited period is insufficient to impose liability. *Sims v. Silver Springs–Martin Luther School*, 155 Pa.Cmwlth. 619, 625 A.2d 1297, *appeal withdrawn*, 647 A.2d 513, 647 A.2d 513 (1994), and, *dismissed without opinion*, 537 Pa. 636, 642 A.2d 489 (1994).

Because possession requires total control over the property by the local agency, both the negligent inspection and failure to inspect have been specifically rejected a number of times as giving a local agency possession over real property because such a construction constitutes an overly expansive interpretation of what constitutes "control" under the Act. *Kline v. Pennsylvania Mines Corporation*, 120 Pa.Cmwlth. 7, 547 A.2d 1276; *see also Shakoor v. Commonwealth, Department of Transportation*, 63 Pa.Cmwlth. 571, 440 A.2d 647 (1981). For example, in *Mentzer v. Ognibene*, 126 Pa.Cmwlth. 178, 559 A.2d 79, *petition for allowance of appeal denied*, 523 Pa. 644, 565 A.2d 1168 (1989), we considered whether a municipal defendant's inspection of real property and issuance of a building permit therefor, pursuant to its responsibility under the building code, rose to the level of control required by the real property exception to immunity, and we refused to extend the meaning of "possession" for § 8542(b)(3) purposes to include "control" exercised by a government agency over construction projects within its territorial boundaries through an ordinance that regulated such projects. *Id; See also Buffalini v. Shrader*, 112 Pa. Cmwlth. 228, 535 A.2d 684 (1987) (where we held that "possession" under the Act cannot be construed to include purported "control" exercised by a local agency through its zoning ordinances.)

Again, in *York Redevelopment Authority v. Keener*, 101 Pa.Cmwlth. 464, 516 A.2d 832 (1986), *petition for allowance of appeal denied*, 515 Pa. 587, 527 A.2d 546 (1987), where a city's employee conducted inspections, showed property to prospective buyers and oversaw renovation of the property, we held that those activities were not enough to amount to "possession" by the city so as to make it liable for negligence.[5] Similarly, we held that where federal regulations imposed inspection responsibilities on a housing authority with respect to Section Eight housing, such duty did not place the authority in "possession" of the apartment for purposes of the real property exception to immunity. *Prescott by James v. Philadelphia Housing Authority*, 124 Pa.Cmwlth. 124, 555 A.2d 305 (1989).[6]

Applying the well settled law, assuming the City did have an actionable duty to inspect the apartment building and ensure compliance with the City Code, the power to inspect and regulate does not constitute sufficient control over that privately-owned building to constitute "possession" under real property exception to the Act. Accordingly, the decision of Judge Strassburger denying the City's preliminary objections to Stahlman's new matter and the decision of Judge McFalls denying the City's motion for judgment on the pleadings in McCutcheon's complaint are reversed. Because judgement on the pleadings should have been granted, we will dismiss McCutcheon's complaint against the City.

---

**5.** McCutcheon and Stahlman allege that additional discovery is necessary to determine whether the City engaged in misfeasance by directing the reconstruction of the apartment's fire escape which consequently did not reach the floor on which McCutcheon and Stahlman were trapped. McCutcheon and Stahlman contend that the misfeasance of a local agency brings it outside the coverage of immunity granted by the Act, and that if additional discovery were permitted to determine the City's possible misfeasance, a cause of action could be sustained against the City. Even though not pled, and assuming that to be true, under *York*, it still does not fall within the real property exception to immunity.

**6.** *See also Santori v. Snyder*, 165 Pa.Cmwlth. 505, 645 A.2d 443 (1994), where a City inspector's failure to issue a stop work order after noting an unsafe condition was insufficient control to constitute "possession" under the real property exception to immunity; and *Farber v. Pennsbury School District*, 131 Pa.Cmwlth. 642, 571 A.2d 546 (1990), where we stated that the real estate exception to immunity has consistently been held to be unavailable to claims of negligence based on the failure to adequately supervise conduct taking place on the property.

## ORDER

AND NOW, this 6th day of June, 1996, the order of the Allegheny County Court of Common Pleas, No. GD 95–677, dated November 8, 1995, and the order of the Allegheny County Court of Common Pleas, No. G.D. 95–677, dated October 17, 1995, are reversed. All counts and claims in No. G.D. 95–677 against the City are dismissed.