IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chastity Lesh,                               :
                                             :
                        Appellant            :
                                             :
            v.                               : No. 549 C.D. 2018
                                             : Argued:  October 16, 2018
Erie International Airport                    :
Services, LLC, t/d/b/a Erie                  :
International Airport Authority               :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED:  December 17, 2018


            Chastity Lesh (Appellant) appeals[1] from the May 26, 2017 order of the
Court of Common Pleas of Erie County (trial court) granting the motion for
summary judgment filed by Erie International Airport Services, LLC, t/d/b/a Erie
International Airport, and Erie Regional Airport Authority (collectively, ERAA) and
dismissing Appellant's civil complaint with prejudice.[2]  We affirm.

            Appellant was employed as a customer service agent for Piedmont
Airlines, which provided service for U.S. Airways and Delta Airlines flights at the

_____

[1] This appeal was originally filed with Superior Court, which *sua sponte* transferred the matter to this Court by order dated March 6, 2018.

[2] According to Appellant's complaint, appellee Erie International Airport Services, LLC, t/d/b/a Erie International Airport, is a Pennsylvania corporation and appellee Erie Regional Airport Authority is a Pennsylvania Municipal Authority.  Both entities have the same business address. The same counsel represents both appellees and refers to them collectively as ERAA.

Erie International Airport. On January 6, 2011, she began work at 4:00 a.m. and was responsible for checking in passengers for a Delta flight scheduled to depart at 6:00 a.m. After the passengers boarded, she walked down the jet way to exchange paperwork with the aircraft's captain. Appellant then noticed that the ground power unit (GPU), a power cord running from the aircraft to the jet bridge, had not been unplugged. She walked down the jet bridge stairs to the outside ramp, and then walked under the jet bridge to the nose of the aircraft to get the captain's authorization to unplug the GPU. The captain gave his approval, and she walked approximately ten steps to the GPU and unplugged it. After taking a step or two away, she slipped on ice and fell.

Appellant suffered multiple fractures to her tibia and fibula; she underwent three surgeries; and she was subsequently diagnosed with reflex sympathetic dystrophy. On December 24, 2012, she filed a complaint against ERAA seeking damages for injuries she sustained in the slip and fall, alleging that ERAA was negligent in allowing extremely icy and slippery conditions to exist on the premises. Reproduced Record (R.R.) at 2-8. ERAA filed an Answer and New Matter, and Appellant filed a Reply to the New Matter. After the close of discovery, ERAA filed a motion for summary judgment. The trial court heard argument on the motion at a hearing on April 26, 2017. By opinion and order dated May 26, 2017, the trial court granted ERAA's motion for summary judgment and dismissed Appellant's complaint.

In granting the motion, the trial court determined that Appellant's claim was precluded by the "hills and ridges" doctrine. The trial court further concluded that a lease agreement between ERAA and Piedmont Airlines relieved ERAA of any duty to clear ice and snow from the area. Finally, the trial court

concluded that Appellant failed to establish that her claim fell within an exception to immunity under the act commonly known as the Political Subdivision Tort Claims Act (Tort Claims Act), 42 Pa. C.S. §§8541-8542.

On appeal,[3] Appellant argues that the trial court erred in granting summary judgment. Specifically, Appellant maintains that: the lease agreement did not relieve ERAA of the duty to clear ice and snow from the area around the aircraft; genuine issues of material fact existed concerning whether generally slippery conditions were present, as necessary for application of the hills and ridges doctrine; and the facts fall within the real property exception to governmental immunity.

At the time of Appellant's fall, a lease agreement between ERAA and Piedmont Airlines provided:

---

[3] On appeal from a trial court's order granting or denying summary judgment, our standard of review is *de novo* and our scope of review is plenary. *Pentlong Corporation v. GLS Capital, Inc.*, 72 A.3d 818, 823 n.6 (Pa. Cmwlth. 2013). Summary judgment is properly entered only when, "after examining the record in the light most favorable to the non-moving party, and resolving of all doubts as to the existence of a genuine issue of material fact against the moving party, the moving party is clearly entitled to judgment as a matter of law." *Pyeritz v. Commonwealth*, 32 A.3d 687, 692 (Pa. 2011). An appellate court may disturb a trial court's order granting summary judgment only where there has been an error of law or an abuse of discretion. *Kilgore v. City of Philadelphia*, 717 A.2d 514 (Pa. 1998).

A party is entitled to summary judgment as a matter of law: (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery; or (2) if, after the completion of discovery relevant to the motion, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. Pa. R.C.P. No. 1035.2.

The moving party has the burden of proving the nonexistence of any genuine issue of material fact. *Kilgore*. The moving party may make the showing necessary to support the grant of summary judgment by showing that the non-moving party "is unable to satisfy a necessary element of his cause of action." *Shipley Fuels Marketing, LLC v. Medrow*, 37 A.3d 1215, 1217 (Pa. Super. 2012). The court must view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Kilgore*. Summary judgment is granted only where the right to it is clear and free from doubt. *Id.*

> MAINTENANCE. Airline shall at all times maintain its exclusive leased areas, the ramp under and around its aircraft when in use by it, and the areas immediately adjacent to either, in a neat, clean, safe and orderly condition; excluding the janitorial service provided in the terminal common area by the Authority and major ramp/apron maintenance.

R.R. at 46.

Appellant argues that the trial court erred in relying on the lease agreement to conclude that ERAA did not have possession and control over the area when she fell. Appellant maintains that a determination of who is a possessor of land is a question of fact to be decided by a jury. She relies on the definition of a possessor of land in Restatement (Second) of Torts §328E:

> A possessor of land is (a) a person who is in occupation of the land with the intent to control it; or (b) a person who has been in occupation of land with intent to control it, if no other person has subsequently occupied it with intent to control it; or (c) a person who is entitled to immediate occupation of land, if no other person is in possession under clauses (a) or (b).

Appellant contends that occupation and control, i.e., physical possession, rather than legal title, determines possession for purposes of §328E. Appellant emphasizes that under the lease, ERAA had possession and control of the area at issue both before an aircraft was parked at the gate and after an aircraft left the gate. Appellant also asserts that, regardless of the lease, ERAA created a duty to clear ice and snow from the premises by its course of conduct in clearing ice and snow. According to Appellant, testimony offered by witnesses concerning the removal of ice and snow by ERAA employees creates an issue of material fact precluding summary judgment.

4

ERAA argues that this latter argument is waived because Appellant did not raise it before the trial court. Supplemental Reproduced Record at 14b-24b. ERAA further contends that, in any event, the testimony cited by Appellant is insufficient to create a genuine issue of material fact as to whether ERAA had a duty to remove ice or snow at the time of her fall. We agree.

A "possessor of land" is a person who occupies land with intent to control it. Restatement (Second) of Torts §328E. Appellant correctly notes that whether a party is a "possessor of land" is a determination to be made by the trier of fact. *Blackman v. Federal Realty Investment Trust*, 664 A.2d 139 (Pa. Super. 1995). Nevertheless, where the alleged "possessor of land" has filed a motion for summary judgment and asserted that the non-moving party has not produced evidence to establish that the moving party is a "possessor of land," the non-moving party must identify evidence establishing that fact in its response to the motion. *See* Pa. R.C.P. No. 1035.3(a)(2).

Here, Appellant offered no evidence to establish facts that would bring ERAA within the definition of possessor of land in §328E. The terms of the lease reflect that ERAA did not have the "intent to control" the area. Rather, the lease agreement states that the *airline* was required "at all times [to] maintain its exclusive leased areas, the ramp under and around its aircraft when in use by it, and the areas immediately adjacent to either, in a neat, clean, safe and orderly condition." R.R. at 46. Moreover, there is no dispute that the aircraft was parked at the gate overnight, and Appellant admits that ERAA employees were limited in their access to the area for snow and ice removal when the aircraft was at the gate. Appellant's brief at 19 (citing the maintenance provisions of the lease, R.R. at 46). Thus, ERAA did not have access to the area beginning the night before Appellant's fall, while rain and/or

snow was falling. The record supports the trial court's determination that ERAA did not have possession and control over the area at the relevant time.

Appellant further argues that the trial court erred in applying the hills and ridges doctrine. In *Moon v. Dauphin County*, 129 A.3d 16 (Pa. Cmwlth. 2015), we explained:

> The ['hills and ridges doctrine'] as defined and applied by the courts of Pennsylvania, is a refinement or clarification of the duty owed by a possessor of land and is applicable to a single type of dangerous condition, i.e., ice and snow. It protects an owner or occupier of land from liability for generally slippery conditions resulting from ice and snow where the owner has not permitted the ice and snow to unreasonably accumulate in ridges or elevations.
>
> The [hills and ridges doctrine] provides that an owner or occupier of land **is not liable for general slippery conditions**, for to require that one's walks be always free of ice and snow would be to impose an impossible burden in view of the climatic conditions in this hemisphere. Snow and ice upon a pavement create merely transient danger, and the **only duty upon the property owner or tenant is to act within a reasonable time after notice to remove it** when it is in a dangerous condition.
>
> Thus, in order to recover for a fall on ice or snow, an injured party must prove the following factual elements:
>
> (1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians travelling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such a condition; and (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall.

6

129 A.3d at 22-23 (emphasis in original and citations and internal quotations omitted).

Appellant contends that an exception to the hills and ridges doctrine was recognized in *Williams v. Shultz*, 240 A.2d 812, 813-14 (Pa. 1968), and applies in this case. In *Williams*, the appellant was walking along a sidewalk that from all outward appearances was free from ice and snow. A portion of the sidewalk was covered by leaves. When the appellant stepped on the leaves, she slipped and fell on a patch of ice hidden underneath them. The relevant weather records in *Williams* showed that the last snow fell 11 days before the accident and the last rain fell 5 days before. Additionally, the evidence showed that the entire area was generally free of ice or snow. The Supreme Court reversed the trial court's grant of compulsory nonsuit on the basis that the appellant failed to establish the existence of hills and ridges of ice on the sidewalk. In doing so, the Court stated that, "where a specific, localized, isolated patch of ice exists, it is comparatively easy for a property owner to take the necessary steps to alleviate the condition, while at the same time considerably more difficult for the pedestrian to avoid it even using the utmost care." 240 A.2d at 814. Because those circumstances were found to exist, the Court held in *Williams* that the appellant was not required to prove the existence of hills and ridges.

ERAA argues that *Williams* does not apply, because the uncontroverted testimony of all witnesses, including Appellant, establishes that conditions around the ramp and in the area were generally slippery, there was patchy ice all over, and there was precipitation the day before and the day of Appellant's accident. We agree.

7

Viewing the record in the light most favorable to Appellant, the record establishes that when Appellant went outside earlier that morning, there was patchy ice all over the area at issue. As the trial court noted, the Record of Climatological Observations at Erie International Airport for January 6, 2011, reflects that in a twenty-four hour period, the maximum temperature was 28 degrees; the minimum temperature was 20 degrees; .26 inches of rain/melted snow had accumulated; and 3.6 inches of snow/ice pellets/ hail had accumulated, with a trace amount of snow/ice pellets/ice being observed on the ground. R.R. at 1. Appellant stated that she saw "patchy ice all over." R.R. at 624-25, 632, 636, 642, 646. Thus, Appellant's own testimony establishes that ERAA did not permit ice to unreasonably accumulate in ridges or elevations that caused her to fall and that the ice on which she fell was not a "localized, isolated patch." Consequently, the trial court ruled that the action was precluded by the "hills and ridges" doctrine.

Generally, local agencies are immune from tort liability under Section 8541 of the Tort Claims Act. *Gibellino v. Manchester Twp.*, 109 A.3d 336, 342 (Pa. Cmwlth. 2015). However, a local agency may be liable for damages if the damages: (1) would be recoverable under common law or a statute creating a cause of action; (2) were caused by the negligent act of the local agency or its employees acting within the scope of their employment; and (3) were caused by one of the specific acts enumerated in Section 8542(b) of the Act.

Section 8542(b)(3) of the Tort Claims Act states:

> **(b) Acts which may impose liability.--** The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:
>
> . . .
>
> (3) Real property.-- The care, custody or control of real property *in the possession of the local agency*, except that

8

the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency. As used in this paragraph, 'real property' shall not include:

(i) trees, traffic signs, lights and other traffic controls, street lights and street lighting systems;
(ii) facilities of steam, sewer, water, gas and electric systems owned by the local agency and located within rights-of-way;
(iii) streets; or
(iv) sidewalks.

42 Pa.C.S. §8542(b)(3) (emphasis added). The determinative inquiry under the real property exception to governmental immunity is whether the injury was caused by the care, custody, or control of the real property itself. *Grieff v. Reisinger,* 693 A.2d 195 (Pa. 1997).[4]

Appellant argues that the trial court erred in concluding that the real property exception to governmental immunity does not apply in this case. In support of this argument, she asserts that ERAA employees were responsible for maintenance around the ramp and the plane before the plane was parked at the gate, while there was precipitation, and she asserts that this alone is sufficient to establish ERAA's liability. Appellant also cites testimony that it was common practice for ERAA's union employees to maintain the ramp area.

However, for purposes of the real property exception to governmental immunity, "possession" means *total control* over the premises. *City of Pittsburgh v. Estate of Stahlman*, 677 A.2d 384, 387 (Pa. Cmwlth. 1996). "[L]imited control or mere occupation of the premises for a limited period is insufficient to impose

---

[4] The trial court and ERAA incorrectly state that the injury must arise from a *dangerous condition of* the real property itself.

liability." *Id.* The trial court correctly concluded that Appellant failed to present evidence demonstrating that ERAA had total control of the property.

In sum, the trial court correctly held that the hills and ridges doctrine precluded Appellant's claims because (1) no evidence was presented to establish an accumulation of snow or ice in ridges and (2) the uncontradicted evidence established icy conditions existed all around the jet way area where the aircraft had been parked overnight. Additionally, the trial court correctly concluded that ERAA was not in possession of the area, based on the terms of the lease agreement as well as testimony establishing that ERAA did not have *total* possession of the area. Consequently, Appellant did not prove that damages are recoverable under common law or statute, or that her injuries resulted from negligent acts of agency employees, as required under the Tort Claims Act.

Accordingly, we affirm.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chastity Lesh,                :
                                   :
             Appellant    :
                                     :
             v.                 :   No. 549 C.D. 2018
                                     :
Erie International Airport       :
Services, LLC, t/d/b/a Erie     :
International Airport Authority   :

O R D E R

AND NOW, this 17th day of December, 2018, the order of the Court of Common Pleas of Erie County, dated May 26, 2017, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge