580 A.2d 1191

Brenda Lee CROSBY, Administratrix of the Estate of Richard Keith Crosby, Brenda Lee Crosby, in Her Own Right, and Cherie Nelson, a Minor, by Brenda Lee Crosby, Natural Mother and Guardian, appellants.

v.

George KOTCH and Anna Kotch, His Wife, t/d/b/a GEORGEANN'S and LUZERNE COUNTY HOUSING AUTHORITY, Appellees.

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1990.

Decided Oct. 12, 1990.

See also, 739 F.Supp. 951.

John R. Sobota, Wilkes–Barre, for appellants.

Charles J. Bufalino, West Pittston, for appellee, Luzerne County Housing Authority.

Before SMITH and KELLEY, JJ., and BARRY, Senior Judge.

KELLEY, Judge.

Brenda Lee Crosby, (tenant), appeals from an order of the Court of Common Pleas of Luzerne County granting the motion of the Luzerne County Housing Authority (Authority) for judgment on the pleadings and dismissing the complaint. We affirm.

Tenant leased an apartment from George and Anna Kotch (landlords) on May 24, 1985. The lease was a Section 8 subsidized housing lease and was procured with the assistance and approval of the Authority.[1] Tenant occupied the apartment with her two minor children and a third child born during the occupancy. On February 12, 1989, at approximately 11:30 a.m., a fire of unknown origin occurred in the apartment. Tenant and one child were able to escape from the building. A second child, Richard Keith Crosby,

---

1. Section 8 housing assistance is provided by the federal government pursuant to statutory authority found at 42 U.S.C. §§ 1437–1437s, enacted, pursuant to U.S. Const. art. I, § 8, cl. 1, "to assist the several states and their political subdivisions to remedy the unsafe and unsanitary housing conditions and the acute shortage of decent, safe, and sanitary dwellings for families of lower income."

was trapped in his bedroom and died as a result of carbon monoxide poisoning.[2]

Tenant filed suit against the landlords and the Authority for the wrongful death of Richard Keith Crosby, as well as negligent infliction of emotional distress. This appeal involves only the actions against the Authority. Tenant avers negligence in failing to inspect the dwelling unit so as to disclose violations of the fire code and other regulations, which she alleges existed at the time the unit was initially leased to her. She also alleges failure to warn of unsafe conditions, falsely representing that the unit was safe, and failure to issue an occupancy permit.

The Authority raised the affirmative defense of immunity as a local agency within the meaning of the provisions of the Political Subdivision Tort Claims Act[3] and/or any other applicable laws.

Tenant responded that her cause of action fell within the Real Property exception to immunity, relating to care, custody or control of real property in the possession of the local agency.[4] The trial judge, relying on our recent decision in *Prescott v. Philadelphia Housing Authority*, 124 Pa.Commonwealth Ct. 124, 555 A.2d 305 (1989), found that the actions of the Authority alleged by the tenant did not constitute "possession" of real property so as to fall within the real property exception to governmental immunity. While we believe that the trial judge reached the correct decision, we affirm for different reasons.

At the time this case was decided in the trial court, authorities had generally been treated by this Court as local agencies for the purpose of determining tort immunity. It now appears necessary, however, to review this practice in light of our Supreme Court's recent decision in *Marshall v.*

2. Appellant's third child was not present at the time of the fire.

3. Act of November 26, 1978, P.L. 1399, *as amended, formerly* 53 P.S. §§ 5311.101—5311.803, repealed by the Act of October 5, 1980, P.L. 693. The current law regarding governmental immunity is now found in Sections 8541 and 8542 of the Judicial Code, 42 Pa.C.S. §§ 8541–8542.

4. 42 Pa.C.S. § 8542(b)(3).

*Port Authority of Allegheny County,* 524 Pa. 1, 568 A.2d 931 (1990).

In that case, the Supreme Court held that the Port Authority was not a "local agency," but rather a "Commonwealth agency," thus removing it from the protection of the governmental immunity statute, but granting it a somewhat different scope of immunity under the sovereign immunity statute. The Supreme Court reasoned that "[e]xpress statutory language contained in the legislation which created [the Port Authority] makes it eminently clear that [the Port Authority] is an agency of the Commonwealth." *Id.,* 524 Pa. at 3, 568 A.2d at 933.

■ The statute at issue in *Port Authority* authorized the authority to exercise "the public powers of the Commonwealth as an agency thereof." [5] In this case, the statute which created the Authority, in a section entitled "Powers of an Authority," contains the exact statutory language construed by the Supreme Court in *Port Authority.* [6] Since the operative language of both enabling statutes is identical, we conclude that the Authority is not a local agency, but rather a Commonwealth agency. [7] Therefore, if it has immunity, it would be sovereign immunity and not governmental immunity. [8]

■ Having made this determination, we find that the result has not changed. The law regarding sovereign immunity also contains an exception for "Commonwealth real estate, highways and sidewalks." [9] While the statutory

5. *Id.* at 4, 568 A.2d at 934 (quoting Section 3 of the Second Class County Port Authority Act, Act of April 6, 1956, P.L. (1955) 1414, *as amended,* 55 P.S. § 553(a)).

6. Section 10 of the Housing Authorities Law, Act of May 28, 1937, P.L. 955, *as amended,* 35 P.S. § 1550.

7. Our finding that the Authority is a Commonwealth Agency for the purpose of sovereign immunity does not necessarily mean that it is a Commonwealth Agency for other purposes, a question which is not now before us and on which we express no opinion.

8. We note that the Authority in its new matter in essence raised both immunities by citing "42 Pa.C.S. § 8501, et seq., and/or any other applicable laws."

9. 42 Pa.C.S. § 8522(b)(4).

language is different from the real property exception under governmental immunity, our Supreme Court has construed the two utilizing the same criteria. *Snyder v. Harmon*, 522 Pa. 424, 562 A.2d 307 (1989). We therefore hold that the reasoning applied by this Court in *Prescott* applies equally in this case, despite the fact that the Authority is now treated as a "Commonwealth agency" rather than a "local agency." [10]

Tenant also argues that since this case was dismissed on a motion for judgment on the pleadings, while *Prescott* was decided on summary judgment, we should somehow distinguish the two and find that *Prescott* does not control. Both a motion for judgment on the pleadings and a motion for summary judgment are means by which a case may be summarily dismissed before trial on the basis that there exists no genuine issue of fact and that the moving party is entitled to judgment as a matter of law. *Beardell v. Western Wayne School District*, 91 Pa.Commonwealth Ct. 348, 496 A.2d 1373 (1985).

Since sovereign immunity clearly applies in this case, there is no genuine issue of fact. Accordingly, we affirm.

## ORDER

NOW, this 12th day of October, 1990, the order of the Court of Common Pleas of Luzerne County, at No. 2435–C of 1989, dated March 13, 1990, is affirmed.

---

**10.** We note that one difference between the two sections is that the sovereign immunity law includes Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency, and Commonwealth-owned real property leased by a Commonwealth agency to private persons, while the governmental immunity law speaks only of real property in the possession of the local agency. Since our decision in *Prescott* held that a Section 8 lease is not "in the possession" of the Authority, *a fortiori*, it cannot be a "leasehold in the possession of a Commonwealth agency," the only possible language of the sovereign immunity exception which could apply.