# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Richard Wilson,<br>          Appellant | :<br>:<br>: |
|     v. | :  No. 123 C.D. 2015<br>:  Submitted: September 4, 2015 |
| Pennsylvania Department of<br>Corrections Bureau of Operations<br>and Maintenance Construction and<br>Capital Programs Chief, Dept. of Corr,<br>Architectural Supervisor, Dept. of<br>Corr, Facility Maintenance Manager,<br>John Doe Manufactures and Installers<br>of Corrections Cell Security Doors,<br>John Doe (2) Corrections Officer At<br>SCI, Greene, John Doe (3) SCI, Greene,<br>Dept. Of Corr, Personnel Training,<br>Coordinator | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

BEFORE:   HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
                  HONORABLE ROBERT SIMPSON, Judge
                  HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                  **FILED:  September 29, 2015**

Richard Wilson (Plaintiff), *pro se*, appeals the December 11, 2014 order of the Greene County Court of Common Pleas (Trial Court) granting the Motion for Summary Judgment filed by the Department of Corrections on behalf of the above-captioned Commonwealth appellees (collectively DOC) and denying Plaintiff's request for production of documents and things.  We affirm.

Before this Court, Plaintiff raises two issues for review.[1] First, Plaintiff contends that he has properly pled a claim for negligence under the real estate exception to sovereign immunity. Second, Plaintiff argues that the Trial Court abused its discretion and denied him due process of law by failing to grant his discovery request.

The Sovereign Immunity Act[2] (Act), as a general rule, grants the Commonwealth immunity from negligence claims.[3] 42 Pa. C.S. § 8521(a). The Act provides specific exceptions to this general rule where immunity is waived by the Commonwealth "for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity." 42 Pa. C.S. § 8522(a). One of the exceptions delineated in the Act is commonly referred to as the real estate exception, which provides that a Commonwealth agency is liable when a plaintiff's injuries are caused by a

---

[1] In reviewing a motion for summary judgment, our scope of review is plenary and our standard of review requires that we affirm the trial court's order only where the record, when viewed in the light most favorable to the non-moving party, clearly shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *P.J.S. v. Pennsylvania State Ethics Commission*, 894 A.2d 174, 176 (Pa. 1999); *Weckel v. Carbondale Housing Authority*, 20 A.3d 1245, 1248 n.4 (Pa. Cmwlth. 2011); *Kuniskas v. Commonwealth*, 977 A.2d 602, 604 n.3 (Pa. Cmwlth. 2009).

[2] 42 Pa. C.S. §§ 8521-8528. Although colloquially referred to as the "Sovereign Immunity Act," the provisions are found in the Judicial Code.

[3] The Act provides:

> (a) General rule.—Except as otherwise provided in this subchapter, no provision of this title shall constitute a waiver of sovereign immunity for the purpose of 1 Pa.C.S. § 2310 (relating to sovereign immunity reaffirmed; specific waiver) or otherwise.

42 Pa.C.S. § 8521(a).

dangerous condition or defect of Commonwealth agency real estate.[4]  *Raker v. Pennsylvania Department of Corrections*, 844 A.2d 659, 662 (Pa. Cmwlth. 2004) ("For an injury to be caused by a 'dangerous condition of the real estate' and fall within the real estate exception, the actual defect or flaw in the real estate itself must cause the injury, not some substance on the real property such as ice, snow, grease, or debris, unless such substances are there because of a design or construction defect").

For a claim to proceed under the real estate exception to sovereign immunity, a plaintiff must allege that an artificial condition or defect of the land itself caused the injury; it is not sufficient to allege that the real property facilitated an injury caused by the acts of Commonwealth employees or third persons.  *Jones v. Southeastern Pennsylvania Transportation Authority*, 772 A.2d 435, 443-444 (Pa. 2001) (having neither derived nor originated from train platform, salt on the ground was not a dangerous condition of real estate that caused plaintiff's injuries); *Warnecki v. Southeastern Pennsylvania Transportation Authority*, 689 A.2d 1023, 1025 (Pa. Cmwlth. 1997) (poor safety maintenance in subway station facilitated injury but injuries were caused by the criminal acts of third persons); *Gallagher v. Commonwealth, Bureau of Corrections*, 545 A.2d 981, 984 (Pa. Cmwlth. 1980)

---

[4] Specifically, the exception provides:

> (4) Commonwealth real estate, highways and sidewalks.—A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency, except conditions described in paragraph (5) [which refers to potholes and other dangerous conditions].

42 Pa. C.S. § 8522(b)(4).

(severing of inmate's finger was not caused by a defect in the door, but by a cellmate closing the door).

Likewise, the real estate exception does not apply to claims alleging that a plaintiff's injuries could have been avoided or minimized had the Commonwealth taken certain actions, as opposed to claims based on injury from a defect or dangerous condition of the real property. *Dean v. Department of Transportation*, 751 A.2d 1130, 1135 (Pa. 2000) (failure to install a guardrail is not a dangerous condition); *Snyder v. Harmon*, 562 A.2d 307, 313 (Pa. 1989) (an unlit right-of-way along the shoulder of a road, which concealed a nearby strip-mine, is not an artificial condition or a defect of the land itself); *Weckel v. Carbondale Housing Authority*, 20 A.3d 1245, 1248, 1250 (Pa. Cmwlth. 2011) (allegation that death may have been prevented by the door to the roof being equipped with a lock is irrelevant); *compare Thornton v. Philadelphia Housing Authority*, 4 A.3d 1143, 1149-1153 (Pa. Cmwlth. 2010) (holding that a claim fell within the real estate exception to sovereign immunity where the plaintiff alleged that a defective fire/smoke detection system was a dangerous condition that caused fatal injuries).

In the instant matter, Plaintiff alleges that:

8. On October 18, 2013 [Plaintiff] was being escorted to an administrative hearing at the Greene County, Corrections facility accompanied by John Doe's [sic] (2) and (3) corrections officers.

9. The escort required [Plaintiff] to stick both his arms through slot built into the cell security door to be handcuffed.

10. While John Doe (2) corrections officer attached handcuffs to [Plaintiff] and attached a teether [sic] line, John Does (2) and (3) were engaged in joking with each other in conversation.

4

11. While [Plaintiff's] arms were protruding from the security door slot John Doe (2) shouted to John Doe (3) "Go!"

12. John Doe (3) proceeded to snatch the door open while the arms of [Plaintiff] were still protruding through the door slot.

13. The cell security door opened to its full extension slamming [Plaintiff's] arms against the built-in door slot and against the doorway frame.

(Complaint, ¶¶8-13.) Plaintiff's allegations defeat his negligence claim. By his own words, Plaintiff was injured as a result of the unnamed Corrections Officers' inattention rather than from a defect in the door itself. Plaintiff argues that a doorstop of unknown design would have prevented his injury but this argument rests on conjecture and is irrelevant to whether a defect of the property was the cause of Plaintiff's injuries. Therefore, the Trial Court did not err in granting DOC's motion for summary judgment because Plaintiff failed to state a claim as a matter of law.

We also conclude that the Trial Court did not err in denying Plaintiff's discovery motion. The production of documents and things would not have changed the outcome in this matter. Plaintiff failed to state a claim for which he is entitled to relief under the law; had Plaintiff been able to produce sufficient evidence to prove every factual averment in his complaint, Plaintiff's complaint would still necessitate dismissal.[5]

---

[5] Plaintiff argues in his brief that the Trial Court failed to address his products liability claim against a John Doe Manufacturer. This claim was not before the Trial Court; whether or not Plaintiff is able to state a claim against an unknown manufacturer has no bearing on the issue of whether Plaintiff's claims against DOC are barred by sovereign immunity. Plaintiff also argues that by denying his discovery request, the Trial Court has hampered his ability to successfully advance his claim against the John Doe Manufacturer. However, a discovery motion to a party against whom you have no claim is not the proper vehicle by which to investigate a party against whom you believe you do have a claim. As DOC is a Commonwealth agency, Plaintiff is free to

Accordingly, we affirm.

_____
**JAMES GARDNER COLINS, Senior Judge**

---

request the information he seeks under the Right to Know Law, Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Wilson,                :
          Appellant            :
                                  :
          v.                    : No. 123 C.D. 2015
                                  :

Pennsylvania Department of     :
Corrections Bureau of Operations   :
and Maintenance Construction and   :
Capital Programs Chief, Dept. of Corr,   :
Architectural Supervisor, Dept. of   :
Corr, Facility Maintenance Manager,   :
John Doe Manufactures and Installers   :
of Corrections Cell Security Doors,   :
John Doe (2) Corrections Officer At   :
SCI, Greene, John Doe (3) SCI, Greene, :
Dept. Of Corr, Personnel Training,   :
Coordinator                         :

# ORDER

AND NOW, this 29th day of September, 2015, the order of the Greene County Court of Common Pleas granting the motion for summary judgment filed by the Appellees in the above captioned-matter is AFFIRMED.

 

**JAMES GARDNER COLINS, Senior Judge**