IN THE COMMONWEALTH COURT OF PENNSYLVANIA

H. Eric Becker,                          :
                    Petitioner           :
                                         :
          v.                             :     No. 184 M.D. 2016
                                         :     Submitted: July 12, 2019
Adams County Tax Claim Bureau            :
and Department of Environmental          :
Protection of The Commonwealth           :
of Pennsylvania,                         :
                    Respondents          :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE ROBERT SIMPSON, Judge[1]
          HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                      FILED: October 23, 2019

Before this Court is a motion for summary judgment filed by the Department of Environmental Protection (DEP) in response to the *pro se* amended complaint filed by H. Eric Becker (Petitioner) in our original jurisdiction. The amended complaint seeks monetary damages for DEP's allegedly unlawful demolition of buildings and equipment on a piece of property that Petitioner purchased through the Adams County Tax Claim Bureau (County). For the reasons that follow, we grant DEP's motion for summary judgment.

On March 18, 2015, Petitioner filed a complaint in the Court of Common Pleas of Adams County (common pleas court) against the County and DEP. Thereafter, Petitioner filed a series of amended complaints in the common

_____

[1] This matter was assigned to this panel before September 1, 2019, when Judge Simpson assumed the status of senior judge.

pleas court, concluding with the sixth amended complaint filed on December 21, 2015.

The sixth amended complaint averred that on April 30, 2013, Petitioner submitted a bid during the County's repository tax sale of 50.63 acres of land in Cumberland Township (Township). The County advised Petitioner that he submitted the highest bid and that the "required confirmation or approvals of the applicable taxing authorities" had been duly received. Complaint at 3, ¶8.

The property in question had been the subject of response actions conducted by DEP pursuant to the Hazardous Sites Cleanup Act.[2] On December 27, 2012, after remediation of the property, DEP issued an administrative order to then-owner CM Metals Gettysburg, Inc. to prohibit certain activities on the property, including a partial ban on ground water usage and restrictions on residential uses of portions of the property. DEP requested the County Recorder of Deeds to place the administrative order on the deed to the subject property.

The sixth amended complaint asserted four counts against the County and DEP. Count I sought to void a "side deal" between the County and DEP whereby the County allegedly requested a $50,000 reduction in the contract purchase price of the property in exchange for Petitioner's payment of $50,000 to DEP. Count II requested the common pleas court to issue a writ of mandamus to compel DEP to sign Petitioner's proposed consent order and decree. Count III requested the common pleas court to order the County to delete the restrictions in the deed required under DEP's administrative order. Finally, Count IV sought monetary damages from DEP for its demolition of the foundry building and equipment on the property. Complaint at 8, ¶44.

---

[2] Act of October 18, 1988, P.L. 756, *as amended*, 35 P.S. §§6020.101-6020.1305.

The County filed preliminary objections. It asserted that the complaint failed to state a claim and, second, the complaint lacked sufficient specificity. DEP also filed a demurrer and further asserted that the common pleas court lacked jurisdiction over Petitioner's counts against the Commonwealth. Petitioner filed responses to the preliminary objections.

By memorandum opinion and order dated February 19, 2016, the common pleas court granted the County's preliminary objections in the nature of a demurrer and dismissed Counts I and III as against the County. Regarding Count I, the common pleas court found that the allegation of a "side deal" was "speculative, remote, and not substantiated through the pleadings." Common Pleas Court Opinion, 2/19/2016, at 10. The court further held, with respect to Count III, that there was no legal basis to strike the land use restrictions from the deed, which were imposed by DEP as a result of its remediation of the property. The court also held that the pleading was insufficiently specific, because Petitioner did not attach DEP's administrative order or the deed to the amended complaint.[3]

Regarding the counts against DEP, the common pleas court held that it lacked jurisdiction and transferred those claims to this Court. The common pleas court did not address DEP's other preliminary objections.

By memorandum opinion of May 12, 2016, this Court sustained DEP's preliminary objections in the nature of a demurrer and dismissed Count II, reasoning that Petitioner's action was, in actuality, a request for this Court to issue a writ of

---

[3] Pennsylvania Rule of Civil Procedure 1019(i) states:

> When any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing.

PA. R.C.P. NO. 1019(i).

mandamus to compel DEP to perform a discretionary act, *i.e.*, sign Petitioner's proposed consent order, which this Court cannot do. Thus, the only remaining count is Count IV of the sixth amended complaint.[4]

On April 15, 2019, DEP filed a motion for summary judgment asserting that Count IV is barred by sovereign immunity because Petitioner seeks damages against DEP, a Commonwealth party.[5] Petitioner responds that sovereign immunity does not shield DEP from liability because his claim falls under the personal property exception in Section 8522(b)(3) of the act commonly referred to as the Sovereign Immunity Act. 42 Pa. C.S. §8522(b)(3). Petitioner also asserts that material facts are in dispute and, in support, has submitted his own affidavit, answers to interrogatories by a former employee of CM Metals, and the Township's ordinance regulating dangerous structures. Petitioner claims that he is the assignee of CM Metals.

A motion for summary judgment may be granted only where there is no genuine issue of material fact and the moving party is entitled to judgment as a

---

[4] Following this Court's May 12, 2016, order, DEP filed an answer to the sixth amended complaint. DEP answered Count I of the amended complaint as if it was still pending. The bulk of the claim in Count I, although mentioning DEP in passing, was raised against the County. As such, we conclude that the common pleas court dismissed Count I in its entirety, leaving no remaining claim against DEP.

Further, both Petitioner and DEP conceded that Count IV of the sixth amended complaint is the only remaining issue pending before this Court. In his answer to this Court's rule to show cause why the action should not be dismissed for want of prosecution, Petitioner stated that the subject action now concerns Count IV, "the demolition by [DEP] of an industrial site." Petitioner Answer to Rule to Show Cause, 10/19/2018, at 3, ¶8. DEP also indicated, in a status report filed with this Court, that Count IV is the only remaining issue in the subject action. DEP Status Report, 02/22/2019, at 4, ¶15.

[5] DEP's defense of sovereign immunity was not raised in its preliminary objections or answer to the amended complaint. However, sovereign immunity is "non-waivable and may be asserted at any time." *Chiro-Med Review Company v. Bureau of Workers' Compensation*, 908 A.2d 980, 985 (Pa. Cmwlth. 2006).

matter of law. *Flood v. Silfies*, 933 A.2d 1072, 1074 (Pa. Cmwlth. 2007). A fact is material if it directly affects the disposition or the outcome of a case. *Department of Environmental Protection v. Delta Chemicals, Inc*., 721 A.2d 411, 416 (Pa. Cmwlth. 1998). The right to judgment must be clear and free from doubt. The record "must be viewed in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Kee v. Pennsylvania Turnpike Commission*, 743 A.2d 546, 549 (Pa. Cmwlth. 1999). Parties seeking to avoid the imposition of summary judgment must establish in their depositions, answers to interrogatories, admissions or affidavits that there is a genuine issue of fact for trial. *Id.* at 549.

Article I, Section 11 of the Pennsylvania Constitution provides that the Commonwealth and its agents may only be sued "in such manner, in such courts and in such cases as the Legislature may by law direct." PA. CONST. art. I, §11. Generally, "the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." 1 Pa. C.S. §2310.

The General Assembly has waived sovereign immunity for Commonwealth parties only in instances where "(1) the alleged act is a negligent act for which damages would be recoverable under the common law or by statute, and (2) the act falls within one of the specifically enumerated exceptions listed in Section 8522(b) of the [Sovereign Immunity Act], 42 Pa. C.S. §8522(b)." *Weckel v. Carbondale Housing Authority*, 20 A.3d 1245, 1248 (Pa. Cmwlth. 2011); *see also* 42 Pa. C.S. §8522(a). Under Section 8522(b), the defense of sovereign immunity is waived for claims for damages caused by (1) vehicle liability; (2) medical-

5

professional liability; (3) care, custody or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody or control of animals; (7) liquor store sales; (8) national guard activities; and (9) toxoids and vaccines. 42 Pa. C.S. §8522(b). The exceptions to sovereign immunity are strictly construed. *Dean v. Commonwealth*, 751 A.2d 1130, 1132 (Pa. 2000). Notably, sovereign immunity "is not waived for intentional acts committed by a Commonwealth employee acting within the scope of his or her employment." *Paluch v. Department of Corrections*, 175 A.3d 433, 438 (Pa. Cmwlth. 2017).

We need not consider whether Petitioner's claim fits into the personal property exception in Section 8522(b)(3) of the Sovereign Immunity Act because Petitioner has not established that DEP's alleged act "is a negligent act for which damages would be recoverable under the common law or by statute." *Weckel*, 20 A.3d at 1248; 42 Pa. C.S. §8522(a). The amended complaint sets forth, at most, a claim for damages for trespass or conversion. The amended complaint alleges that DEP took possession of the subject property "[b]efore, or perhaps soon after" CM Metals acquired title of the property. Amended Complaint at 9, ¶45. Without permission, DEP demolished more than 60,000 square feet of the foundry building on the property "either by [its] own employees, and/or those of a contractor employed by [DEP]." Amended Complaint at 9, ¶46. The amended complaint further alleges that DEP unlawfully disposed of foundry machinery, vehicles, and forklifts on the property. Petitioner asserts that DEP's actions constituted a "taking" because replacing the foundry building and equipment would cost millions of dollars. Amended Complaint at 10, ¶57. It is well established that trespass and

6

conversion are intentional torts, for which sovereign immunity has not been waived.[6] *Paluch*, 175 A.3d at 438.

For these reasons, we conclude that Petitioner's damages claim against DEP, a Commonwealth party, for its demolition of the foundry building and equipment on the property is barred by sovereign immunity. Accordingly, we grant DEP's motion for summary judgment and dismiss Petitioner's sixth amended complaint with prejudice.[7]

_____
MARY HANNAH LEAVITT, President Judge

---

[6] Notably, Section 703(c) of the Hazardous Sites Cleanup Act provides that "[n]o State agency or political subdivision shall be liable under this act for costs or damages as a result of actions taken by the State agency or political subdivision in response to a release or threatened release of a hazardous substance generated by or from a site." 35 P.S. §6020.703(c).

[7] The amended complaint also asserts in passing, as part of Count IV, that DEP violated the Takings Clause of the Fifth Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. U.S. CONST. amend. V, XIV. "[A] taking of private property is unconstitutional without payment of just compensation. [It] occurs when [an] entity clothed with the power substantially deprives an owner of the use and enjoyment of his property." *People United to Save Homes v. Department of Environmental Protection*, 789 A.2d 319, 326 (Pa. Cmwlth. 2001). As a threshold matter, to establish that a compensable taking has occurred, the property owner must establish that a valid property right has been affected. *Id.*

The amended complaint fails to state specific allegations to support the constitutional claims. Petitioner alleges that DEP demolished the foundry building and equipment on the property without permission from CM Metals, which was the owner at the time and which is not a party to the subject action. Petitioner claimed that he was the recipient of a "certain [a]ssignment from CM Metals," Amended Complaint at 8, ¶44, but he did not explain the nature of this alleged assignment of rights or provide evidence that he has a cognizable property right that was affected by DEP's actions.

It is well established that "[a] complaint must not only give the defendant notice of what the plaintiff's claim is and the grounds upon which it rests, but it must also formulate the issues by summarizing those facts essential to support the claim." *Smith v. Brown*, 423 A.2d 743, 745 (Pa. Super. 1980) (citing PA. R.C.P. No. 1019(a)). This Court need not "accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Stone and Edwards Insurance Agency, Inc. v. Department of Insurance*, 616 A.2d 1060, 1063 (Pa. Cmwlth. 1992). In short, to the extent Count IV of Petitioner's amended complaint raises constitutional takings claims, those claims are dismissed.

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| H. Eric Becker, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 184 M.D. 2016 |
| | : | |
| Adams County Tax Claim Bureau | : | |
| and Department of Environmental | : | |
| Protection of The Commonwealth | : | |
| of Pennsylvania, | : | |
| Respondents | : | |

# **O R D E R**

AND NOW, this 23rd day of October, 2019, Respondent's motion for summary judgment is GRANTED, and Petitioner's sixth amended complaint is DISMISSED with prejudice.

_____
MARY HANNAH LEAVITT, President Judge