IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vsevolod Garanin,                              :
                        Appellant              :
                                               :
            v.                                 :     No. 233 C.D. 2020
                                               :     Submitted: April 14, 2022
Scranton Housing Authority,                    :
Gary P. Pelucacci, as Executive                :
Director of the Scranton Housing               :
Authority, in official capacity,               :
Karl Lynott, as Deputy Director of             :
the Scranton Housing Authority, in             :
individual and official capacity,              :
and Robert Trudnak, as Inspector               :
for the Scranton Housing Authority,            :
in official capacity                           :

BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                 FILED: September 23, 2022

        Vsevolod Garanin *pro se* appeals from an order of the Court of
Common Pleas of Lackawanna County (trial court), which sustained preliminary
objections filed by the Scranton Housing Authority (Authority) and its Executive
Director Gary P. Pelucacci, Deputy Director Karl Lynott, and Inspector Robert
Trudnak (collectively, Employees), dismissed Garanin's amended complaint, and
denied Garanin's motion seeking leave to file a second amended complaint. In this
appeal, Garanin does not challenge the decision of the trial court to sustain the
preliminary objections of the Authority and its Employees. Rather, Garanin asserts

that the trial court erred in denying him leave to file a second amended complaint. Upon review and discerning no abuse of discretion, we affirm.

## I. BACKGROUND[1]

Garanin owned a rental property in Scranton, Pennsylvania. In March 2016, Trudnak inspected the property and issued a report indicating that it was suitable as Section 8 housing.[2] Relying on the inspection report, Garanin obtained a property insurance policy from Erie Insurance. Thereafter, in October 2016, Garanin submitted a property damage claim, asserting that the property's heating system had been destroyed by freezing temperatures during the insurance policy period. The insurer denied the claim, secured evidence that the heating system was damaged prior to Garanin's purchase of the policy, and referred the matter to criminal investigators. Ultimately, the Commonwealth filed criminal charges against Garanin, who pleaded guilty to an attempted theft charge.[3]

In April 2019, Garanin commenced this litigation. In his amended complaint, Garanin alleged negligence by the Authority and its Employees, as well as civil conspiracy between the Authority, its Employees, and the Lackawanna County District Attorney's Office. Essentially, Garanin claimed that Trudnak had failed to exercise reasonable care or competence in issuing the inspection report, that Garanin had relied on this report to his detriment, and that the Authority was liable

---

[1] Except as noted otherwise, we derive this brief background from Garanin's Amended Complaint, 5/15/19, including exhibits attached thereto.

[2] Housing is subsidized by the federal government under Section 8 of the United States Housing Act (Section 8), *as amended*, 42 U.S.C. §1437f.

[3] The Commonwealth filed criminal charges alleging (1) theft by deception, (2) theft by deception – failure to correct a false impression, and (3) insurance fraud. *See, respectively*, 18 Pa. C.S. §§ 3922(a)(1) & (3), 4117(a)(2). Garanin pleaded guilty to attempted theft by deception – failure to correct a false impression; the Commonwealth *nolle prossed* the other criminal charges; and Garanin was sentenced to four years of restrictive intermediate punishment.

for Garanin's pecuniary loss. Thereafter, according to Garanin, the Authority and its Employees had conspired with local prosecutors in retaliation against him for seeking clarification of the Employees' actions.

By way of preliminary objections, the Authority and its Employees demurred, asserting sovereign immunity.[4,5] Prelim. Objs., 5/15/19. In response, Garanin filed a motion for leave to amend his complaint further. Mot. for Leave to Amend Compl., 8/30/19. His proposed second amended complaint added a claim for negligent conversion. Authority's Br. in Opp'n, 11/26/19, Ex. A ("Second Am. Compl.") ¶¶ 31-32.[6] According to Garanin, the Authority and its Employees had negligently interfered with his right to chattel, *i.e.*, the inspection report. *Id.* ¶¶ 16, 31.

Following oral argument, the trial court sustained the preliminary objections, dismissed the amended complaint, and denied Garanin's motion for leave to amend. Trial Ct. Mem. & Order, 1/27/20. According to the trial court, Garanin could not establish an exception to the Agency's sovereign immunity. In particular, the court reasoned, claims involving negligent inspection or examination resulting in erroneous reports or records have been found not to fall within the personal property exception under 42 Pa.C.S. § 8522(b)(3). *Id.* at 14-17 (citing, *inter alia*, *Bufford v. Department of Transportation*, 670 A.2d 751 (Pa. Cmwlth. 1996)).

---

[4] "Sovereign immunity is an affirmative defense which ordinarily should be raised as new matter[] but may be raised in preliminary objections when to delay a ruling thereon would serve no purpose." *Stackhouse v. Pa. State Police*, 892 A.2d 54, 60 n.7 (Pa. Cmwlth. 2006); *see also Kull v. Guisse*, 81 A.3d 148, 160 (Pa. Cmwlth. 2013) (sovereign immunity may be raised in preliminary objections where it is apparent on the face of the pleading that the cause of action does not fall within the statutory exceptions to sovereign immunity).

[5] The Authority is deemed to be a Commonwealth agency for purposes of tort immunity. *Weckel v. Carbondale Hous. Auth.*, 20 A.3d 1245, 1248 (Pa. Cmwlth. 2011).

[6] Garanin did not attach the proposed second amended complaint to his motion but provided it to the Authority and its Employees. *See* Authority's Br. in Opp'n at 2.

Further, the trial court observed, the General Assembly has not waived sovereign immunity for intentional acts committed by a Commonwealth employee acting within the scope of his or her employment. *Id.* at 12 (citing *Paluch v. Department of Corrections*, 175 A.3d 433, 438 (Pa. Cmwlth. 2017)). Thus, Garanin's conspiracy claim was also barred by sovereign immunity. *Id.* at 17.

Regarding Garanin's motion for leave to amend the complaint, the trial court acknowledged that the right to amend should be liberally granted but concluded that Garanin's negligent conversion claim "suffer[ed] from the same infirmities as his other negligence allegations" because it did not fall within any of the enumerated exceptions to sovereign immunity under 42 Pa.C.S. § 8522. *Id.* at 18. Thus, the trial court denied Garanin's motion. *Id.*

Garanin timely appealed.

## II. ISSUE[7]

Garanin asserts that the trial court erred in denying him leave to file a second amended complaint. *See generally* Garanin's Br. at 28-33. According to Garanin, a claim for negligent conversion is not precluded by the doctrine of sovereign immunity. *See id.* at 31-32 (citing *Shore v. Pennsylvania Department of Corrections*, 168 A.3d 374 (Pa. Cmwlth. 2017)). Thus, Garanin concludes, this

---

[7] Garanin raises three questions for this Court's review, which we have combined into one for clarity: "[Question 1]: Did Appellant properly seek leave to file a Second Amended Complaint? . . . [Question 2]: Is the standard for leave to file an amended complaint both 'liberal' and '[freely] given'? . . . [Question 3]: Can Appellant overcome the "fatal defect" by way of a post-deprivation tort (negligent conversion) which the doctrine of sovereign immunity does not preclude?" Garanin's Br. at 26 (suggested answers omitted).

4

Court should reverse the decision of the trial court and remand with instructions that it permit Garanin to amend his complaint. *Id.* at 33.[8]

### III. ANALYSIS

It is well established that leave to amend is within the sound discretion of the trial court and will not be reversed absent a clear abuse of discretion. *Sobat v. Borough of Midland*, 141 A.3d 618, 627 (Pa. Cmwlth. 2016) (citations omitted). "An abuse of discretion may not be found merely because the appellate court might have reached a different conclusion, but requires a showing of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." *Wagner v. Pa. Capitol Police Dep't*, 132 A.3d 1051, 1057 (Pa. Cmwlth. 2016).

While amendments should be liberally permitted "in order to allow full development of a party's theories and averments," it is not absolute. *Weaver v. Franklin Cnty.*, 918 A.2d 194, 203 (Pa. Cmwlth. 2007). Amendment is "properly denied where the complaint's defects are so substantial that amendment would be futile. Moreover, the trial court does not abuse its discretion in failing to grant leave to amend where further amendment could not circumvent a defendant's immunity." *Sobat*, 141 A.3d at 627 (discerning no abuse of the trial court's discretion in failing to give plaintiff an opportunity to amend her complaint where plaintiff's numerous assertions would not establish the utility service facilities exception to governmental immunity).

---

[8] In response, the Authority and its Employees concede that a claim for negligent conversion may lie under 42 Pa.C.S. § 8522(b)(3), the personal property exception to sovereign immunity. *See* Authority's Br. at 13-14. Nevertheless, they reject Garanin's prayer for relief. According to the Authority and its Employees, any claim against them for negligent conversion would be "legally insufficient, and, therefore, amendment would have been futile." *Id.* at 9.

Here, Garanin contends that amending his complaint to include a claim for negligent conversion would overcome the Authority's sovereign immunity. We disagree.

A housing authority is deemed a Commonwealth agency, not a local agency. *Weckel*, 20 A.3d at 1248 (citing *Crosby v. Kotch*, 580 A.2d 1191 (Pa. Cmwlth. 1990)). Thus, housing authorities and their employees are generally immune from suit pursuant to the Sovereign Immunities Act, 42 Pa.C.S. §§ 8521-8527. *Id.*; *Hoover v. Stein*, 153 A.3d 1145, 1155 (Pa. Cmwlth. 2016). A suit may proceed only if the plaintiff establishes (1) a cause of action that is recognized at common law or by statute and (2) that the cause of action falls under one of the enumerated, statutory exceptions to sovereign immunity. *Dean v. Dep't of Transp.*, 751 A.2d 1130, 1132 (Pa. 2000); *Hoover*, 153 A.3d at 1155.[9]

Under the common law of Pennsylvania, the tort of conversion is recognized as "the deprivation of another's right of property in, or use or possession of, a chattel, or other interference therewith, without the owner's consent and without lawful justification." *HRANEC Sheet Metal, Inc. v. Metalico Pittsburgh,*

_____

[9] In pertinent part, Section 8522(b) provides:

(b) Acts which may impose liability.--The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

(1) Vehicle liability. . . .
(2) Medical-professional liability. . . .
(3) Care, custody or control of personal property. . . .
(4) Commonwealth real estate, highways and sidewalks. . . .
(5) Potholes and other dangerous conditions. . . .
(6) Care, custody or control of animals. . . .
(7) Liquor store sales. . . .
(8) National Guard activities. . . .
(9) Toxoids and vaccines. . . .

42 Pa.C.S. § 8522(b) (emphasis omitted). These exceptions are strictly construed "[b]ecause of the clear intent to insulate [the] government from exposure to tort liability." *Dean*, 751 A.2d at 1132.

6

*Inc.*, 107 A.3d 114, 119 (Pa. Super. 2014).[10] The tort of conversion does not require proof of a specific intent to commit a wrong. *Id.*

A claim for negligent conversion may lie under 42 Pa.C.S. § 8522(b)(3), the personal property exception to sovereign immunity. *Shore*, 168 A.3d at 385 n.6; *see also Borrero-Bejerano v. Dep't of Corr.* (Pa. Cmwlth., No. 453 C.D. 2018, filed Feb. 8, 2019), 2019 WL 489835 at *5.[11] Pursuant to this exception, the Commonwealth may accept liability for damages caused by "[t]he care, custody or control of personal property in the possession or control of Commonwealth parties, including Commonwealth-owned personal property and property of persons held by a Commonwealth agency." 42 Pa.C.S. § 8522(b)(3).

Thus, for example, this Court has recognized a potential claim by a state inmate for monetary damages resulting from the negligent destruction or confiscation of personal property by prison officials. *Shore*, 168 A.3d at 385 n.6 (observing that good faith negligence in the destruction or confiscation of an inmate's photographs by state officials may invoke the personal property exception); *Borrero-Bejerano*, 2019 WL 489835 at *5, *7 (concluding that a plaintiff could proceed with his claim that prison officials negligently contributed to the loss of his watch).

However, in order to invoke this exception, "the personal property possessed or controlled by the Commonwealth party must directly cause, and not merely facilitate, the plaintiff's injuries." *Mazur v. Cuthbert*, 186 A.3d 490, 498 (Pa. Cmwlth. 2018) (citing *Pa. State Police v. Klimek*, 839 A.2d 1173, 1175 (Pa. Cmwlth.

---

[10] We may cite published decisions of the Pennsylvania Superior Court for their persuasive value. *Dep't of Env't Prot. v. B&R Res., LLC*, 270 A.3d 580, 595 n.21 (Pa. Cmwlth. 2021).

[11] We cite *Borrero-Bejerano* for its persuasive value pursuant to Rule 126(b)(1) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P 126(b)(1), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

2003)). It is well settled that "alleged[ly] negligent, erroneous[,] and inaccurate examinations by a Commonwealth agency, [as well as] allegedly erroneous reports, are outside the exceptions to sovereign immunity." *Bufford*, 670 A.2d at 754.

In *Bufford*, for example, the plaintiff was detained by police after discovering that the plaintiff was driving with a suspended license. *Id.* at 751. However, the plaintiff's driving privileges had been suspended incorrectly. *Id.* The plaintiff commenced litigation, alleging that the Pennsylvania Department of Transportation had suspended his license negligently and that this negligence had subjected him to arrest, detention, and false imprisonment. *Id.* at 752. The trial court overruled the Department's assertion of sovereign immunity, but on appeal, this Court reversed. Criticizing the Department's "inept behavior," we nonetheless declined to interpret the personal property exception broadly as "a mechanism for the recovery of damages inflicted by administrative decision making and the negligent recordation of any information first stored and then disgorged by any Commonwealth agency." *Id.* at 755; *see also Dean*, 751 A.2d at 1132 (instructing that exceptions are strictly construed).

Similarly, here, the Authority and its Employees may have negligently inspected Garanin's property. The inspection revealed no problems with the heating system and resulted in a report indicating that the property was suitable as Section 8 housing. However, even if we assume that this erroneous report facilitated Garanin's injuries, such negligence falls outside the personal property exception to sovereign immunity. *See Bufford*, 670 A.2d at 755. Thus, as noted by the trial court, Garanin's proposed claim of negligent conversion suffers from the same defect as his other negligence claims, *i.e.*, Garanin cannot establish an enumerated, statutory exception

to the sovereign immunity that insulates the Authority and its Employees from liability. *See Dean*, 751 A.2d at 1132; *Hoover*, 153 A.3d at 1155.

Garanin's right to amend his pleadings is not absolute, and as his proposed amendment would be futile, we discern no abuse of the trial court's discretion in denying Garanin's motion for leave to amend his complaint. *Sobat*, 141 A.3d at 627; *Weaver*, 918 A.2d at 203. Thus, we affirm.

_____
LORI A. DUMAS, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vsevolod Garanin, : 
                  Appellant : 
                : 
           v. :   No. 233 C.D. 2020
                : 
Scranton Housing Authority, : 
Gary P. Pelucacci, as Executive : 
Director of the Scranton Housing : 
Authority, in official capacity, : 
Karl Lynott, as Deputy Director of : 
the Scranton Housing Authority, in : 
individual and official capacity, : 
and Robert Trudnak, as Inspector : 
for the Scranton Housing Authority, : 
in official capacity : 

# **O R D E R**

AND NOW, this 23rd day of September, 2022, the order entered by the Court of Common Pleas of Lackawanna County in the above-captioned matter on January 27, 2020, is AFFIRMED.

_____
LORI A. DUMAS, Judge